THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN SCHULZ
. and Others, Relators, *v.* THE BOARD OF CONTRACT AND APPORTION-
MENT OF THE CITY OF ALBANY, N. Y., and THOMAS J. VAN
ALSTYNE and Others, Constituting said Board, Respondents.

*Certiorari — irregularities not presumed — an informal report by a committee to a·*
*common council, when sufficient — provision forbidding a report on the day that a·*
*decision is made — when affidavits are competent on the hearing under a writ of*
*certiorari — power of the board of contract and apportionment to decide that a law·*
*is irregular.*

Where, on the return to a writ of certiorari, issued to the board of contract and.
apportionment of the city of Albany to review its action in letting a contract·
for the construction of a sewer, pursuant to a law of the common council of·
· that city, it appears that objections were made at a hearing before such board.
that the proceedings of the common council were irregular, but such alleged
irregularity is denied in the return, the Appellate Division will, in the absence.
of proof in the return establishing the existence of the irregularity complained
of, assume that the proceedings on the part of the common council were regu-
lar and valid, and that the action of the board of contract and apportionment.
in so deciding was correct, especially where the return contains a verified state-
ment made by the clerk of the common council as to the proceedings taken by
it in the enactment of the law in question which negatives all the alleged
irregularities charged by the relators.

*Semble*, that the action of one member of a committee of the common council in
presenting to that body for enactment a law which had been referred to the
committee with authority to hear objections made thereto, with the result that
all the other members of the committee vote in favor of its passage, dispenses.
with the presentation by the committee of a formal report against the remon-
strance made in opposition to the law by parties who have been heard in sup-
port of such remonstrance before the committee.

Where it does not appear but that the committee decided against the remon-
strance several days before the meeting of the common council at which the·
law was enacted, such action at the meeting does not violate a provision of the·

city charter forbidding any committee to report any decision upon the same day upon which it is made.

The Appellate Division has no power to allow an affidavit to be read in such a proceeding, except for the purpose of establishing some fact which is essential to the jurisdiction of the body or officer to make the determination to be reviewed, and in that case only where the court is satisfied that the additional facts cannot be made to appear by means of an order for a further return.

*Quære,* whether the board of contract and apportionment may disregard a law of the common council on the ground that it has been irregularly passed.

CERTIORARI issued out of the Supreme Court and attested on the 28th day of December, 1898, directed to the board of contract and apportionment of the city of Albany, N. Y., and Thomas J. Van Alstyne and others, constituting said board, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had under Law No. 54 of the City Laws of Albany, providing for the construction of a sewer in a public street of the city of Albany.

*Barnwell Rhett Heyward,* for the relators.

*John A. Delehanty,* for the respondents.

PARKER, P. J.:

The certiorari in this matter is issued to the "Board of Contract and Apportionment of the city of Albany," and it is the action of that board only which is now brought before us. It appears from the record that the common council of such city had enacted a law requiring the construction of a sewer in Clare avenue, and had served the same upon the clerk of said board. At a meeting of that board on November 23, 1898, its clerk reported that such law had been passed, and the board thereupon resolved to advertise for proposals for constructing the sewer thereby ordered. At a meeting of the board on December fifth two bids were received, and the contract was thereupon awarded to the lowest of such bidders. At a meeting of the board on December nineteenth, the relators, who are residents upon the avenue and who are liable, with others, to be assessed for the expenses incurred thereby, appeared before the board with counsel, and presented to it written objections against "the execution of any contract for the laying of" the sewer in question, upon three grounds specified therein. The board heard

arguments on the relators' behalf by their counsel, and in opposition thereto by the corporation counsel, and thereupon determined to overrule the objections and execute the contract. It is this determination that we are asked to review. No question is raised as to the right of the relators to the writ in question, nor as to the propriety of issuing the same in such a proceeding.

The objections are based upon the claim that the proceedings of the common council, in passing the ordinance or law referred to, were so irregular as to render it invalid. The argument is that the law being invalid, the board has no jurisdiction to take any proceedings to carry it out. There is no provision in the charter, that I can discover, authorizing any party to require the board to disregard such a law, on the ground that it has been irregularly passed; and it may be that such board has no authority to inquire into such matter. Section 3 of title 9 of the charter (Laws of 1883, chap. 298, as amended by § 20, Laws of 1891, chap. 286), gives the board charge of such matters "under the direction of the Common Council," and it is not altogether plain that the board has any power to review the proceedings of such common council or reject any of its ordinances. But, without deciding that question, it is clear that such review should not be exercised by the board and an ordinance disregarded, unless it is made to appear that the irregularities complained of have actually occurred. Nothing appears in the record before us to show that any proofs of the alleged irregularities were made or tendered to the board. In the objections filed, certain irregular modes are stated to have been followed by the common council in passing the law; but it is squarely denied in the return that the correctness of that statement was conceded, and it is not claimed by the relators that any proof thereof was offered. It cannot be said, therefore, that the board has committed any error in proceeding as if a valid ordinance was before them.

If such board is to be considered as acting judicially in making the contract to which the relators object, or in determining whether the law authorizing and directing it so to do had been regularly enacted, it was correct in the absence of proof to the contrary in presuming that it was a regular and valid one; and, therefore, I cannot discover that it violated any rule of law to the prejudice of the relators. There is no evidence whatever before it from which

PEOPLE ex rel. SCHULZ v. BOARD OF CONTRACT.   33

App. Div.]        Third Department, March Term, 1899.

it could have reached any different determination from the one it did make.

But something more now appears in the record before us than appeared to the board. The return contains a verified statement made by the clerk of the common council as to the proceedings taken by it in the enactment of the ordinance in question. Such return *negatives* all the alleged irregularities charged by the relators except in this respect: That the remonstrance which the relators made to the common council against the passage of such a law was referred to the committee on streets, etc. The date of such reference does not appear. Such committee gave a hearing to the relators, and subsequently, on November 22, 1898, at a regular meeting, on motion of a member of such committee, the law was passed, and all the members of such committee voted for it.

The relator claims that the law was invalid because it was enacted before any report was made by such committee. If we are to determine the authority of the board to make the contract in question, upon the facts appearing in this record rather than upon those appearing before the board, it is sufficient to say that we do not deem this objection well taken. In view of the fact that the law was presented for enactment by one member of the committee, and voted for by all the other members, the omission of a formal report by them to the effect that they reported against the remonstrance would not invalidate the law. Their action on the passage of the law was in effect a report in its favor, and was sufficient if the council chose to so consider it.

It is claimed that such proceeding violates section 8 of title 3 of the charter, which forbids any committee to report any decision upon the same day upon which it is made. It does not appear but that the committee decided against the remonstrance several days before the meeting at which the law was enacted.

Upon the argument it was claimed that this return was incomplete, and that a correct and full report of the proceedings before the common council would show, not only that the report was made in violation of such section, but also would disclose many other irregularities by which the law was rendered invalid; and we were asked to allow affidavits to be read for that purpose.

We have no power to allow any affidavit to be read, except for

the purpose of establishing some " fact which is essential to the *jurisdiction* of the body or officer to make the determination to be reviewed." Facts showing that the common council proceeded irregularly do not bear upon the *jurisdiction* of the board of contract and apportionment to " determine " whether or not it did so proceed. But even if they did we should not allow such affidavits to be used, unless we are satisfied that the additional facts " cannot be made to appear by means of an order for a further return." (Code Civ. Proc. § 2139.) The relators have brought this matter to a hearing without making any application for such an order and without furnishing us any reasons why an amended return would not furnish all they desire.

In short, the relief now asked by the relators is to retry before us the question of the regularity of the proceedings of the common council upon proofs and upon facts not presented to, or claimed before the board to which this writ is directed; and their real grievance is based upon the action of the council rather than of the board, and such relief is now asked without any notice whatever to the board that such is to be the proceeding before us. We are of the opinion that the relators are not entitled to such a retrial, and that the determination of the board must be confirmed, with costs against the relators.

All concurred.

Determination of board of contract and apportionment confirmed, with fifty dollars costs and disbursements.